## Chamberlin v. Ossipee.

The plaintiff being charged with feigning an injury, her conduct indicative of pain at a time when she supposed no one was observing her is competent evidence on the question of the genuineness of her suffering.

A witness may refresh his recollection by reference to a memorandum made so near the time of the facts recorded that he then knew them to be true.

Evidence of the plaintiff's efforts to procure a lantern is competent on the question of whether there was want of reasonable care in driving in the darkness without a lantern.

Evidence of a fact shown by the admissions of a party may be contradicted by a witness knowing the contrary.

CASE, for personal injuries from a defective highway. Trial before referees. The facts appear in the opinion.

*Worcester & Gafney*, *S. B. Carter*, and *Whipple*, for the plaintiff.

*Quarles*, *Copeland*, and *Weeks*, for the defendants.

ALLEN, J. The defendants claimed that the injury was simulated, and, against objection, the referees permitted the plaintiff's witness to testify what she saw in the plaintiff's conduct indicating distress, when the witness was apparently asleep. The conduct and expressions of the plaintiff indicative of the condition of her mental or bodily health at the time were competent evidence on that subject (*Howe* v. *Plainfield*, 41 N. H. 135, 136; *Perkins* v. *Concord Railroad*, 44 N. H. 223, 225; *Bacon* v. *Charlton*, 7 Cush. 581, 586; *State* v. *Howard*, 32 Vt. 380), and the belief or opinion of the witness as to the plaintiff's condition, drawn from observation of her conduct and expressions, was properly received.

*Hardy* v. *Merrill*, 56 N. H. 227, 241. If the plaintiff supposed the witness was asleep at the time the observations were made, she had no motive for feigning sickness, and the evidence tended to contradict the claim of the defendants that the plaintiff's suffering was simulated.

The physician who attended the plaintiff was permitted, in testifying in regard to her symptoms, to refresh his recollection by reference to a memorandum made by him three days after an examination of the plaintiff. The memorandum being made at a time when the facts written down were fresh in the mind of the witness, and known by him to be as recorded, a reference to it by the witness for the purpose of refreshing his recollection was properly permitted, and in accordance with well settled practice. *Seavy* v. *Dearborn*, 19 N. H. 351, 357; *Tuttle* v. *Robinson*, 33 N. H. 104; *Webster* v. *Clark*, 30 N. H. 245; *Pembroke* v. *Allenstown*, 41 N. H. 365; *Ladd* v. *Dudley*, 45 N. H. 61; *State* v. *Shinborn*, 46 N. H. 497; 1 Greenl. Evid., *ss.* 436, 437, 438. The question of the sufficient accuracy of the memorandum, depending upon its nearness or remoteness in time to the date of the facts written there, was one of fact for the referees.

At the time of the injury, the plaintiff and her husband were riding on a dark night without a lantern; and the plaintiff's brother was permitted to testify that her husband, before the accident, applied to him for a lantern, which he could not furnish. Whether the plaintiff, in travelling upon a dark night without a lantern, was in the exercise of ordinary care, was a question of fact (*Daniels* v. *Lebanon*, 58 N. H. 284), and the conduct of the plaintiff and her husband, and their efforts to procure a lantern, were competent evidence on the subject.

It having become a material question whether or not the plaintiff had some time been pregnant, and evidence of her admissions of pregnancy by C. having been received, C. was called as a witness, and, against the defendants' exception, denied that he had ever had intercourse with the plaintiff. The admissions were offered to prove pregnancy, and by C. C.'s denial of intercourse tended to show that the admissions, if ever made, were not true, and it was competent evidence for that purpose.

*Judgment on the report for the plaintiff.*

FOSTER, J., did not sit: the others concurred.