Grafton,
Feb. 3, 1903.

## THOMAS *v.* HARRINGTON *& a.*

Where a contract for laying water-pipe necessarily requires an excavation which renders a highway dangerous for public travel, the party causing such work to be done cannot escape liability to one who is injured by driving into the unguarded trench, on the ground that the negligence complained of was that of an independent contractor, or of his servants, over whom the defendant had no power of control.

CASE, for personal injuries alleged to have been caused by the defendants' negligence. Trial by jury. At the close of the plaintiff's evidence the court ordered a verdict for the defendants, and the plaintiff excepted. Transferred from the September term, 1902, of the superior court by *Wallace*, C. J.

The plaintiff's evidence tended to show that the defendants contracted in writing with one McFadden to construct two dwelling-houses for the defendants in the village of Littleton, and as a part of the contract the former was " to put in the water-pipe from the main road, six feet under ground." McFadden proceeded to execute the contract in accordance with its terms, and while work-

ing thereunder, by the instrumentality of servants employed by him, with whom the defendants had nothing to do and over whom they had no control, he dug a ditch in the street, from the water-pipe therein to the sidewalk in front of the defendants' premises, twelve feet long, five and one half feet deep, and two feet wide, for the purpose of laying a water-pipe from the water-main to the defendants' dwellings. McFadden, or his servants employed on the work, negligently left the trench unguarded and unlighted in the evening, although the evening was a dark one, and the electric lights for a part of the time were unlighted; and the plaintiff, while driving along the street, in the exercise of ordinary care, was thrown from her carriage and injured in consequence of her horse falling into the ditch.

*Everett C. Howe* and *Scott Sloane*, for the plaintiff.

*Batchellor & Mitchell* and *Smith & Smith*, for the defendants.

Walker, J. It is not necessary to decide whether McFadden was an independent contractor in the work of putting in the water-pipe, or merely an agent of the defendants; for in either case, the evidence was legally competent to support a verdict in favor of the plaintiff. From the written contract it appears that the defendants employed McFadden to build two houses upon their premises. One of the specifications of the contract was " to put in the water-pipe from the main road, six feet under ground." The evident purpose of this provision was to secure a connection with the water-main, which would require the digging of a ditch into the public highway. That the parties had in mind the excavation of a ditch in the highway, is not open to doubt upon a reasonable construction of the contract. It was a necessary and anticipated part of the work which the defendants employed McFadden to do.

Such an excavation in a street is a nuisance, because it renders public travel dangerous and makes extra precautions necessary for the protection of travelers. Hence it became the duty of the defendants, who authorized and caused the ditch to be dug, to protect the public from the danger occasioned thereby. They knew the work could not be done, in its reasonable and proper prosecution, without increasing the danger to public travel in the highway at that point. The danger arose directly from the work which they required to be done, and not from the negligent manner of its performance. In such a case, one cannot avoid responsibility for the consequences naturally to be apprehended in the course of the performance of the work, by employing another to do the work as

an independent contractor. Upon the modern authorities, the question of liability, under such circumstances, does not depend upon an inquiry whether the parties sustain the relation of master and servant, or whether the contract between them makes the employee an independent contractor. The employer cannot absolve himself from the duty which under the law he owes to another with reference to the performance of work which is dangerous in itself, as the digging of a ditch in the highway.

In *Carter* v. *Berlin Mills*, 58 N. H. 52, the defendant was held not to be responsible for flowing the plaintiff's land, not merely because it had employed an independent contractor to float the logs down the river, but also because the injury was not the direct result of the work it employed the Thurstons to do. The court say (*p*. 59): "The plaintiff's injury was not the natural result of the work contracted to be done. A reasonable use of the dams for proper purposes, and a reasonable use of the stream for the transportation of logs, were lawful, and the authority conferred by the defendants was, to execute the contract by a proper and reasonable use of all its means and appliances." If it had appeared in that case that the work which the contractors agreed to do would necessarily produce the damage the plaintiff suffered, it is believed the opposite result would have been reached, as was the case in *McDonell* v. *Boom Co.*, 71 Mich. 61. It was held in that case that where a boom company, having full control and management of a stream and the dams thereon, contracts for driving logs therein, the reasonable performance of which contract obliges the contractor to so run and manage the logs and water as to damage riparian owners, such damage is legally attributable to the company and may be recovered of it. This doctrine is recognized in *Knowlton* v. *Hoit*, 67 N. H. 155, and in *Manchester* v. *Warren*, 67 N. H. 482. See, also, *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522.

In *Bower* v. *Peate*, 1 Q. B. Div. 321, 326, Lord *Cockburn* says: "There is an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted. While it may be just to hold the party authorizing work in the former case exempt from liability for injury resulting from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for injury caused by an act certain to be attended with injurious consequences, if such consequences are not in fact prevented, no matter through whose default the omission to take the necessary measures for such prevention may arise." To the same effect are *Hardaker* v. *Council*, [1896] 1 Q. B. 355; *Penny* v.

*Council,* [1898] 2 Q. B. 212, 217; *Holliday* v. *Telephone Co.,* [1899] 2 Q. B. 392; *Gray* v. *Pullen,* 5 B. & S. 970.

The American courts generally take the same view of the law. In *Robbins* v. *Chicago,* 4 Wall. 657, 678, it is said that an employer is liable " where the work to be done necessarily constituted an obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless property guarded or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim  .  .  .  of the injured party, by proving that the work which constituted the obstruction or defect was done by an independent contractor.  .  .  .  Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results *directly* from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party." See, also, *Water Co.* v. *Ware,* 16 Wall. 566, 576; *Gorham* v. *Gross,* 125 Mass. 232; *Woodman* v. *Railroad,* 149 Mass. 335; *Norwalk Gaslight Co.* v. *Norwalk,* 63 Conn. 495, 522; *Deming* v. *Railway,* 169 N. Y. 1; *Wilson* v. *White,* 71 Ga. 506; *Circleville* v. *Neuding,* 41 Ohio St. 465; *Hawver* v. *Whalen,* 49 Ohio St. 69; *Covington etc. Co.* v. *Steinbrock,* 61 Ohio St. 215, 224; *Matheny* v. *Wolffs,* 2 Duv. 137; *Carlson* v. *Stocking,* 91 Wis. 432; *Independence* v. *Slack,* 134 Mo. 66; *Spence* v. *Schultz,* 103 Cal. 208.

In *Wright* v. *Holbrook,* 52 N. H. 120, the defendant, as one of a committee representing the town of Keene, employed Nourse as an independent contractor to clear a piece of woodland belonging to the town; and it was held that he was not liable for damages caused by a fire which was set by Nourse to burn the brush on the lot, and which escaped through the latter's negligence on to the plaintiff's adjoining woodlot. The questions whether the work Nourse was employed to do was essentially dangerous to the property of others, and whether, if it was, the defendant could escape liability therefor because of the contract, were not discussed by the court or raised by counsel. If it is assumed that the work done in a reasonable way, or in the way contemplated by the parties, would not constitute a menace to the property of others and require extra precautions for its protection, the decision is in accord with the general rule that the employer is not liable for the negligence of an independent contractor, and it is probable the court adopted that view of the nature of the contract. In the

case of *Black* v. *Finance Co.*, [1894] A. C. 48, under a similar state of facts the defendant was held liable.

As the case does not disclose that permission was obtained from the selectmen to dig up the street, by either the defendants or McFadden (P. S., c. 82, *ss.* 1, 2), the effect of such permission upon the defendants' liability, if any, has not been considered. The result is that the order of the court directing a verdict for the defendants was error.

*Exception sustained.*

CHASE, J., was absent : the others concurred.