Strafford, }
March 7, 1911. }

CANNEY v. ROCHESTER AGRICULTURAL AND MECHANICAL ASS'N.

Where managers of a fair engage a parachute performer to make an ascension from the grounds, they cannot avoid liability for injury resulting to a highway traveler from collision with the abandoned balloon, on the ground that the aëronaut was an independent contractor.

Evidence that the plaintiff in an action for personal injuries complained of suffering pain some months after the accident is competent to show her physical condition at the time.

In an action to recover for injuries caused by collision with a descending balloon, evidence that similar exhibitions had been given on previous occasions without accident is inadmissible.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1910, of the superior court by Pike, J.

The defendant conducted a four days' fair at Rochester in August 1909, and agreed with one Kelly for a balloon ascension and parachute jump each day. Kelly was to furnish the balloon, which was abandoned in the air when the operator made his descent. It would find its way to earth at some point within half a mile of the point where it was abandoned, and the defendant was to furnish a team to haul it back to the fair-grounds. The defendant knew the balloon might go in any direction, its course being determined by the air currents. There were several highways within a radius of a half mile of the place of ascension, where persons were likely to be traveling; and travel was likely to be greater on days when a fair was held. The defendant took no precaution to warn such travelers. While the plaintiff was driving over one of these highways, being in the exercise of due care, the abandoned balloon descended upon her wagon and inflicted the injuries complained of.

The defendant's motions for a nonsuit and the direction of a verdict in its favor, on the ground that Kelly was an independent contractor and that it could not be held liable for any injuries growing out of his exhibition, were denied, subject to exception. The defendant also excepted to the admission of evidence of complaints of present pain, made by the plaintiff some months after the accident, and to the exclusion of evidence that at former exhibitions, given under similar conditions as to the physical features of the country, no accidents had happened.

*Kivel & Hughes,* for the plaintiff.

*Kelley, Harding & Hatch,* for the defendant.

PEASLEE, J.   The case is governed by *Thomas* v. *Harrington,*
72 N. H. 45.   It is there said concerning the duties of defendants who
create extra hazards upon a public highway (*p.* 46): "They knew
the work could not be done, in its reasonable and proper prosecution,
without increasing the danger to public travel in the highway at
that point.   The danger arose directly from the work which they
required to be done, and not from the negligent manner of its
performance.   In such a case, one cannot avoid responsibility for
the consequences naturally to be apprehended in the course of the
performance of the work, by employing another to do the work as an
independent contractor."   The motions were properly denied.

"The conduct and expressions of the plaintiff indicative of the
condition of her mental or bodily health at the time were competent
evidence on that subject."   *Chamberlin* v. *Ossipee,* 60 N. H. 212,
and cases cited.

Evidence that no accident had happened in the previous years
when balloon ascensions were made was offered by the defendant
and was excluded.   The defendant's position appears to have been
that this fact had some tendency to show that an accident was not
likely to happen.   It is not apparent in what way it tended to
prove the fact sought to be shown.   The proposition that such an
accident as this might have followed any ascension cannot be con-
troverted.   It is equally plain that the percentage of cases in which
an accident would occur would be small.   All this was well known
to the defendant and must have clearly appeared to the jury from
a consideration of the geographical features of the country sur-
rounding the fair-ground.   If a question of tendency, capacity, or
the like were involved, the evidence might be competent.   But
there is no such element here.   If experience had established certain
facts or probabilities as to the course and distance the balloon
would travel before a wind of the direction and velocity shown on
the day in question, or if it had tended to establish other material
facts, the result might have been admitted in evidence, if it appeared
to the court to be sufficiently related to the fact in issue to be of
value in the determination thereof.   There is no suggestion of
such an element in the facts offered.   The course the balloon would
take was dependent upon the direction of the wind.   This essential

element in a comparative test is not found in the proffered evidence. If this did not render the evidence wholly irrelevant, and therefore inadmissible as matter of law, it at least left it so inconclusive as to be plainly immaterial and therefore inadmissible if found to be "too remote to be useful." *Cross* v. *Wilkins*, 43 N. H. 332, 334. Upon this issue the presiding justice found in favor of the plaintiff. After it was determined, as matter of fact, that the question "should be excluded," its inadmissibility in that trial was established as matter of law. *Darling* v. *Westmoreland*, 52 N. H. 401.

*Exceptions overruled.*

· All concurred.