No. 13,899.

UNION DEPOSIT COMPANY ET AL. *v.* TALBOT, CONSERVATRIX.

(73 P. [2d] 1389)

Decided November 15, 1937.   Rehearing denied December 6, 1937.

Mr. MORELAND M. HUMPHREYS, for plaintiffs in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

IN this case the district court of Denver entered judgment for $2,634.33 against both the defendant Union

Deposit Company and the defendant Union Trust Company. That judgment is brought here by both companies for review.

The action was brought on a $2,500 bond issued by the Union Deposit Company. This instrument was dated August 8, 1927. It was to be paid for in ten annual installments of $180 each. Among the terms and provisions incorporated in the bond were the following:

"When advance payments are made and with interest computed thereon at six per cent. per annum, compounded annually, amount to Two Thousand Five Hundred Dollars before the maturity of this bond, then this bond, at the option of the owner, shall become immediately due and payable, or interest in cash, at six per cent. per annum, will be paid annually thereafter to the registered owner, his heirs or assigns until maturity."

"2. Payments: * * * Payment shall begin the month the bond is dated and subsequent payments to be made on or before the same date of each month thereafter. * * * The owners shall have the right to make semi-annual payments of $36.55, quarterly payments of $18.40, or monthly payments of $6.20 on each $1,000 of the face value hereof in advance instead of annual payments."

"9. Excess Payments: Any payment in excess of 'seventy-two' (72) dollars per year in advance, shall increase the cash surrender value and the company's liability in an amount equal to such payment and accumulated interest at the rate of six (6) per cent. per annum, compounded annually, but such excess payments shall be applied by the company on annual payments when they become due."

"11. Miscellaneous. * * * No person has authority to alter or change the terms of this bond, or bind the company by any statement, written or oral, not herein contained. * * *"

"Cash in Full Guaranteed at Maturity: Anything in this bond to the contrary notwithstanding, the owner

shall at maturity be entitled to receive and the company guarantees to pay the full face value of this bond in cash.''

Many payments, both large and small, were made in advance of the prescribed dates.

In attempting to apply the above quoted provisions to the facts of this case, a witness for the plaintiff presented exhibit C as the result of his calculations, based upon the admitted amounts and dates of payments made on the bond here in controversy. His conclusion is that the bond matured on January 12, 1935, five months and twelve days before the present action was commenced in the lower court. A calculation by a witness for the defendants led to his opinion, shown by exhibit 1, that the bond did not mature until after September 1, 1935. These different deductions of the two experts are important, in fact vital. The contention of the defendants is that the action, commenced on June 24, 1935, was prematurely brought. The plaintiff argues that it was not. Upon careful reconsideration on rehearing, we are unanimously of the opinion that the plaintiff is right. We think that the payments made, including those for the first year, should be considered as ''advance payments'' under the above quoted contract provisions. The printed bond was the production of the company itself. Its terms are not so clear as one might desire, but they reasonably bear the interpretation placed upon them by the plaintiff. The judgment against the Union Deposit Company will therefore have to be affirmed.

The defendant Union Trust Company contends that the district court erred in entering judgment against it for the full amount of the supposed liability of the defendant Union Deposit Company. The liability of the latter is of course because of the direct promise to pay the bond. The liability of the trust company, if any, however, has a different basis. The trust company was the custodian of certain securities intended to safe-

guard the holders of bonds against loss. It was trustee for that purpose. The claim against the trust company is because of alleged negligence resulting in loss of the securities by allowing the improper withdrawal of these. We think the present record does not justify a finding by the lower court that a total depletion had taken place. As to this phase of the controversy, that is, as to the finding and judgment against the defendant Union Trust Company, the case is reversed and remanded with directions that, if another trial is had as between the plaintiff and the defendant Union Trust Company, the trial court shall cause these parties to make up their issues by pleadings limiting the litigation accordingly and thereupon trial shall be had in accordance with the usual practice and procedure.

Originally this case was argued orally in department. The justices of the department not being able to agree, the case was transferred to the full bench, where it was considered and a decision of reversal in toto was entered en banc. A petition for rehearing was filed by the plaintiff and duly granted, with the result now stated.

Judgment against the defendant Union Trust Company reversed with directions.

Judgment against the defendant Union Deposit Company affirmed.