Strafford,
No. 4310.

HERBERT E. BUTLER *v.* ROSCOE B. KING & *a.*

Argued June 3, 1954.

Decided July 1, 1954.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the plaintiff.

*Devine & Millimet* and *Charles F. Hartnett* (*Mr. Millimet* orally), for the defendants.

KENISON, C. J.  The defendants had a duty to maintain reasonable conditions of safety and the plaintiff was entitled to place some reliance on the performance of that duty. *Cartier* v. *Corporation*, 92 N. H. 263; *Holmes* v. *Stores*, 95 N. H. 478; *Monier* v. *Belzil*, 97 N. H. 176.  However the plaintiff is precluded from recovering damages if he received his injuries as a result of encountering a known danger to which he paid no heed. *Paine* v. *Association*, 91 N. H. 78, 79.  In that case it was held that a basketball player, injured when he fell against bleachers close to the playing court, could not recover.  In *Robinson* v. *Railroad*, 85 N. H. 474, a plaintiff was barred from recovery when he boarded a moving train after the door was closed and the trap was dropped to cover the space above the steps from the car platform to the door.  In *Cronin* v. *Company*, 75 N. H. 319, there was judgment for the defendant when the plaintiff allowed his foot to extend over the edge of an elevator platform while the open elevator was in motion.  These three cases cited by the defendants are distinguishable from the facts of this case and are not controlling.

This railing was level and stood upright and in the same position it would have been if it had been effectively secured at both ends. The fact that it looked like a normal railing and appeared to fit in tightly between the building and the iron column did not give it the appearance of involving an unreasonable risk to the user. *Williamson* v. *Company*, 89 N. H. 216, 218.  "On the other hand, the fact that a condition is obvious—i. e., it would be clearly visible to one whose attention is directed to it—does not always remove all unreasonable danger."  James, Tort Liability of Occupiers of Land:  Duties owed to Licensees and Invitees.  63 Yale L. J. 605, 625 (1954).  The condition and appearance of the railing did not compel a conclusion of the plaintiff's contributory fault in the manner in which he used it. *Cartier* v. *Corporation*, 92 N. H. 263, 265.  "It seems reasonably expectable that someone . . . might

lean against" this railing. *Nickerson* v. *Association,* 96 N. H. 482, 484.

The defendants, in support of their motion for a directed verdict, urge other reasons why it should be granted. It is stated the fact that the plaintiff in this case was the employee of a subcontractor does not change the voluntary character of the relationship between the plaintiff and the defendants, and that the plaintiff is barred by assumption of the risk. *Goldstein* v. *Corporation,* 86 N. H. 402. "We have repeatedly held that the doctrine of the assumption of the risk is confined to common-law actions by an employee against his master (*Vidal* v. *Errol,* 86 N. H. 1; *Ghilain* v. *Couture,* 86 N. H. 117, 120 and cases cited; *Williamson* v. *Company,* 89 N. H. 216) and we did not intend in the *Goldstein* case to cast any doubt upon that holding." *Papakalos* v. *Shaka,* 91 N. H. 265, 268. Subsequent cases have followed the same rule. *Ayers* v. *Gordon,* 94 N. H. 30, 32. It follows that the defendants' motion for a directed verdict was properly denied. See *Martel* v. *Wallace,* 83 N. H. 276; *Rush* v. *Hunziker,* 216 Ind. 529.

It is contended that a new trial should be ordered since the instructions to the jury did not point out the requirement that the negligence of the defendants must have caused or contributed to cause the accident. No exception to the Court's charge in that respect was taken and it may be considered waived for that reason. *Colburn* v. *Normand,* 96 N. H. 250, 252. However it may be noted that as we read the Court's charge it was mentioned, although not emphasized, in that part of the instructions which dealt more specifically with contributory negligence.

The charge to the jury is claimed to be inadequate because reference was made to the "railing" only once. While the charge tended to be phrased in general and abstract terms rather than specific and concrete ones, we cannot say that it misled or confused the jury under the circumstances of this case. *Paradis* v. *Greenberg,* 97 N. H. 173; *Bourget* v. *Company,* 98 N. H. 237. There was no controversy as to where the plaintiff fell, and there was no likelihood that the jury were misled in applying the general principles of the Court's charge to the railing at the south end of the porch where the accident occurred. *Kimball* v. *Dwyer,* 97 N. H. 304. The defendants requested an instruction to the jury that the plaintiff was guilty of contributory negligence for voluntarily encountering a known danger and paying no attention to it. The request was not given in that form but the jury were fully in-

structed on contributory negligence. This was not error. *Kambour* v. *Railroad*, 77 N. H. 33, 49. "The conclusion that voluntary exposure to a known danger is merely a form of contributory fault is believed to be in accord with the trend of contemporary legal development." *Vidal* v. *Errol*, 86 N. H. 1, 7.

This case raises the question whether the plaintiff, having received workmen's compensation, should be allowed to sue the general contractor. The Workmen's Compensation Law (Laws 1947, *c.* 266, *s.* 12 as amended) permits suits against third persons "other than the employer." In *Merchants &c. Cas. Co.* v. *Tuttle*, 98 N. H. 349, it was decided that this statute permitted a suit by the injured employee against a fellow employee. There is nothing in the language or policy of the compensation law which demands a different result when the defendant is a general contractor.

The claim that any misstatement of the evidence in plaintiff's argument to the jury vitiated the verdict is precluded in view of the instructions to the jury. *Martin* v. *Kelley*, 97 N. H. 466.

*Judgment on the verdict.*

All concurred.