Daniel MILLER, by Maude Miller, Next Friend, Plaintiff,

v.

J. A. UTLEY CONSTRUCTION COMPANY, a Michigan corporation, Defendant and Third-Party Plaintiff

(Hill-MacIntosh Company, a Michigan corporation, Third-Party Defendant).

Civ. A. No. 13884.

United States District Court
E. D. Michigan, S. D.

June 25, 1957.

George H. Gotshall, Detroit, Mich., for plaintiff.

Lacey, Jones & Doelle, Detroit, Mich., Ivin E. Kerr, Detroit, Mich., of counsel, for defendant and third-party plaintiff.

Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for third-party defendant.

LEVIN, District Judge.

This is a common law tort action by an employee of the Hill-MacIntosh Company, a subcontractor hereinafter referred to as the subcontractor, against the J. A. Utley Construction Company, the general contractor, hereinafter referred to as the general contractor, for injuries sustained while in the course of his employment with the subcontractor. The injuries resulted from a defective heating device supplied by the general contractor on a construction site.

The subcontractor was subject to the provisions of the Michigan Workmen's Compensation Law, and its compensation insurer has paid plaintiff the benefits he is entitled to under this statute. The general contractor moves to dismiss the complaint on the ground that the plaintiff's sole remedy was his award under the Workmen's Compensation Act.

The Act provides that:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." Comp.Laws Mich.1948, § 411.4, 12 M.S.A., Sec. 17.144 (1951).

This must be read with Section 15, Comp.Laws Supp. Mich.1956, § 413.15, 12 M.S.A., Sec. 17.189 (Cum.Supp.1955), which provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

The question presented is whether the general contractor is regarded by the statute as an "employer" of his subcontractor's employees or as a "third party" because if he is regarded as a third party he is not relieved of his common law tort liability.

Although it is a question of first impression in Michigan, there are numerous precedents in other states which have similar statutes. These decisions have held that a general contractor is not relieved of common law tort liability to his subcontractor's employees where the subcontractor's employees are covered by a Workmen's Compensation Act, even

when, as here, the employee has received workmen's compensation for the injury.[1]

The reason for this interpretation of the statute is found in Section 10(a) of the Act, which is set out in full in the margin.[2] This section provides in substance that if a contractor hires subordinate contractors who do not comply with the terms of the Act, or who are not covered by the Act, then the contractor is treated as the employer of the subcontractor's employees, and is held to the employer's liabilities under the Act. The implication of this section is that if the general contractor hires a responsible subcontractor who has complied with the Act he is not to be treated as the employer of his subcontractor's workmen.

■ Although it seems paradoxical, while a general contractor carries the risk of personal injury judgments in common law actions by hiring subcontractors who are covered by the Workmen's Compensation Act, he is only held to the limited employer's liabilities under the Act if he lets his work to subcontractors who do not comply with, or who are not covered by, the Act. However, I am not permitted to challenge the wisdom of the Michigan Legislature.

The cases cited by the defendant reaching a different result [3] involve statutes which vary materially from the Michigan statute. See, for example, the Maryland statute which is set out in the margin.[4] The essential difference in such statutes is that a general contractor is expressly designated as an employer in any case where a workman of his subcontractor is injured. Under this legislative approach the general contractor is relieved of common law tort liability because he is specifically placed in the position of the employer of his subcontractor's workmen.

I hold, therefore, that the defendant, general contractor, J. A. Utley Construction Company, is a third party and

1. See, for example, Baldwin Co. v. Maner, 1954, 224 Ark. 348, 273 S.W.2d 28; Butler v. King, 1954, 99 N.H. 150, 106 A. 2d 385; Sweezy v. Arc Electrical Construction Co., 1946, 295 N.Y. 306, 67 N.E.2d 369; Anderson v. Sanderson & Porter, 8 Cir., 1945, 146 F.2d 58; Corbett v. Starrett Bros., Inc., 1928, 105 N.J.L. 228, 143 A. 325, and others collected at 1944, 151 A.L.R. 1359; 1947, 166 A.L.R. 813. Contra: Jordan v. Champlin Refining Co., 1948, 200 Okl. 604, 198 P.2d 408.

2. "Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 [which requires certain measures to insure payment of compensation] and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, *then, in the application of this act, reference to the principal shall be substituted for reference to the employer.*" Comp.Laws Supp.Mich.1956, § 411.10, 12 M.S.A., Sec. 17.150 (Cum. Supp.1955). (Emphasis added.)

3. See, e. g., State v. City of Baltimore, 1952, 199 Md. 289, 86 A.2d 618; Jennings v. Vincent's Adm'x, 1940, 284 Ky. 614, 145 S.W.2d 537.

4. 3 Flack, Annot.Code of Maryland, Art. 101, Sec. 63 (1951):

"When any person as a principal contractor, undertakes to execute any work which is a part of his trade, business or occupation which he has contracted to perform and contracts with any other person as sub-contractor, for the execution by or under the sub-contractor, of the whole or any part of the work undertaken by the principal contractor, *the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this Article which he would have been liable to pay if that workman had been immediately employed by him * * *.*" (Emphasis added.)

not an employer, within the meaning of Section 15 of the Michigan Workmen's Compensation Law. The motion to dismiss is denied and an order accordingly may be entered.