Hillsborough
No. 79-070

ROBERT F. PRIVE

v.

M. W. GOODELL CONSTRUCTION CO., INC.

December 28, 1979

*Green & Green*, of Manchester (*Leonard S. Green* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Michael C. Harvell* orally), for the defendant.

PER CURIAM.    Plaintiff brings this common law action for personal injuries arising out of a work-related accident, alleging that the defendant negligently maintained an unsafe place to work. RSA 281:14 I. Defendant, a contractor, moved to dismiss on the ground that it was liable for the payment of compensation to the employees of its uninsured subcontractor, that it was therefore an "employer" under RSA 281:2 I, and that as an "employer" it is immune under RSA 281:12 from common law actions. The Trial Court (*Bean*, J.) denied defendant's motion to dismiss and reserved and transferred defendant's exception.

The only issue on this appeal is whether a contractor who has paid workmen's compensation to an employee of its uninsured subcontractor under RSA 281:4-a is immune from a third-party tort action by the employee. This issue is one of first impression in this jurisdiction. *See Walker v. Charles DiPrizio & Sons*, 115 N.H. 652, 655, 348 A.2d 355, 358 (1975).

RSA 281:4-a provides in part as follows:

Contractor's Liability for Subcontractors. A contractor as defined in this section, who subcontracts all or any part of a contract shall bear the liability of the subcontractor thereof for the payment of compensation hereunder to the employees óf such subcontractor unless such subcontractor has secured the payment of compensation as provided for in this chapter. Any such contractor who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from such subcontractor. . . .

There is no question that the defendant was a "contractor" as defined in RSA 281:4-a and that plaintiff's employer, Gothic Metal Lathing Corporation (hereinafter Gothic), was a subcontractor thereunder. The labor commissioner ruled, when plaintiff sought workmen's compensation from his employer, that Gothic did not have coverage when plaintiff was injured. The commissioner further ruled that the general contractor's insurance carrier was required to pay plaintiff workmen's compensation benefits under RSA 281:4-a.

In maintaining that RSA 281:4-a does not give immunity from a third-party common law action to the defendant general contractor, plaintiff relies on *Butler v. King*, 99 N.H. 150, 154, 106 A.2d 385, 388 (1954). This case held that the receipt of workmen's compensation by an employee of a subcontractor for injuries received through the negligence of the principal contractor does not preclude him from suing the principal contractor. The *King* case, as well as the case of *Merchants &c. Cas. Co. v. Tuttle*, 98 N.H. 349, 101 A.2d 262 (1953), which held that such an action can be brought against a fellow employee, relied on the statutory provision allowing such suits against third persons other than the employer. *Id.; see* RSA 281:14 (liability of third person).

In *Smith v. Am. Employers' Ins. Co.*, 102 N.H. 530, 163 A.2d 564 (1960), this court, again relying on the same exclusion, held that this statute permitted such a third-party common law tort action against the employer's workmen's compensation insurer. However, the legislature, by Laws 1961, 194:8, nullified the court's decision by enacting a new third-person liability provision, RSA 281:14 I. It provides in part as follows:

When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in *some person other than the employer, or the employer's insurance carrier*, a legal

> liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages . . . . (Emphasis added.)

The legislature, by Laws 1967, 403:4, now RSA 281:4-a, enacted the law in question in this case entitled "Contractor's Liability for Subcontractors." The defendant maintains that this statute not only places the liability of an "employer" on the contractor but also confers on the contractor the employer's immunity from a common law action in tort by the employees of the uninsured subcontractor to whom it has been obligated to pay workmen's compensation. *See* 2A A. LARSON, WORKMEN'S COMPENSATION § 72.30 (1979).

Defendant claims that under RSA 281:12 the employee in question, such as plaintiff, is "conclusively presumed to have accepted the provisions [of the Act] . . . and to have waived his rights . . . at common law to recover damages for personal injuries against his employer [the defendant] . . . ." To interpret RSA 281:4-a otherwise, defendant maintains, would be to impose a liability on a contractor that the Act imposes on no other who incurs the employer's liability. *See* 2A A. LARSON, WORKMEN'S COMPENSATION § 72.30 (1979).

We reaffirmed recently a long-established law in this jurisdiction that:

> [T]he question before us is not what the legislature ought to have done when it enacted this statute but what it did, as expressed in the words of the statute itself. *See State v. Cutting,* 114 N.H. 200, 317 A.2d 553 (1974). Nor is it for this Court to add terms to the statute that the legislature did not see fit to include. *Sigel v. Boston & Maine R.R.,* 107 N.H. 8, 216 A.2d 794 (1966); 82 C.J.S. *Statutes* § 328 (1953). It is not our function to speculate upon any supposed intention not appropriately expressed in the Act itself. Relief "from its inappropriateness" must be sought through further legislative action.

*Ahern v. Laconia Country Club, Inc.,* 118 N.H. 623, 625, 392 A.2d 587, 588 (1978).

■ Since 1947, third person tort liability has been a part of our workmen's compensation law. Laws 1947, 266:1 ¶ 12, now RSA 281:14. "If there is no strong reason of compensation policy for destroying common-law rights as to various classes of third parties, then, every presumption should be on the side of preserving those rights, once

basic compensation protection has been assured." 2A A. LARSON, WORKMEN'S COMPENSATION LAW § 72.50 (1979).

■ From the outset, the legislature has granted the employer immunity from such an action. This is of the essence of the workmen's compensation system, which permits an employee to obtain compensation regardless of his negligence and of the employer's fault. *Hartford Accident & Indem. Co. v. Duvall*, 113 N.H. 28, 31, 300 A.2d 732, 734 (1973). Laws 1961, 194:8, now RSA 281:14 I, also exempted the employer's insurance carrier. At the same time, the legislature amended RSA 281:12 to provide that an employee subject to workmen's compensation "shall be conclusively presumed . . . to have waived his rights of action at common law to recover damages for personal injuries against his employer, or against the employer's insurance carrier." Laws 1961, 194:5, now RSA 281:12.

Some twenty years after the liability of a third person law was enacted, the legislature enacted 1967 Laws, 403:4, now RSA 281:4-a. It provides in part that a "contractor . . . who subcontracts . . . shall bear the liability of the subcontractor thereof for the payment of compensation hereunder to the employees of such subcontractor unless such subcontractor has secured the payment of compensation . . . ."

■ In light of the history with regard to third party actions described above, the legislature could have expressly granted the contractors who become liable to pay compensation under RSA 281:4-a the same immunity from common law actions in tort granted to an employer and the employer's insurance carrier. RSA 281:12.

We hold that the trial court properly denied the defendant's motion to dismiss and we overrule defendant's exception.

RSA 281:4-a provides that: "Any such contractor who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from such subcontractor."

■ If this source of reimbursement is unavailable to the contractor, it may set off the amount of compensation paid against any verdict returned for the plaintiff in order to avoid a double recovery by him. *Laffoon v. Bell & Zoller Coal Co.*, 65 Ill. 2d 437, 446, 359 N.E.2d 125, 129 (1976).

*Remanded.*

BOIS and KING, JJ., did not sit; LAMPRON, C.J., retired, sat pursuant to RSA 490:3.