Linda KLEMETSEN as trustee for the
heirs of Mylan Klemetsen,
deceased, Respondent,

v.

STENBERG CONSTRUCTION COMPA-
NY, INC., Defendant and Third
Party Plaintiff, Petitioner, Appellant,

City of International Falls, Defendant
and Third Party Plaintiff,
Respondent,

v.

Ronnie A. NELSON, d.b.a. Nelson Exca-
vating Company, Third Party
Defendant, Respondent.

No. C4-87-543.

Supreme Court of Minnesota.

June 3, 1988.

Wayne D. Tritbough, Minneapolis, for appellant.

David J. Moskal, Peter H. Berge, Minneapolis, for Klemetsen.

Merlyn C. Green, St. Paul, for City of International Falls.

Richard C. Mollin, International Falls, for Ronnie Nelson.

COYNE, Justice.

The court of appeals held that a general contractor, who is liable for workers' compensation benefits to an uninsured subcontractor's employee under Minn.Stat. § 176.215 (1982), is not immune from a wrongful death action on behalf of the heirs of the subcontractor's deceased employee. We affirm.

The employee, a construction worker, was fatally injured in 1983 when a trench he was working in collapsed. Plaintiff, as trustee for the employee's heirs, brought a wrongful death action against Stenberg Construction Company (Stenberg) and another. A workers' compensation proceeding was also initiated.

In the latter proceeding the compensation judge found that the employee was employed by Nelson Excavating Company when he was injured, that Nelson Excavating was not insured for workers' compensation liability, and that Stenberg was the general contractor on the project. The compensation judge concluded that Stenberg was liable for compensation under Minn.Stat. § 176.215, subd. 1 (1982), and ordered Stenberg and its workers' compensation insurer to continue paying dependency benefits.

The trial court judge in the wrongful death action then granted Stenberg's motion for summary judgment, ruling that by electing to receive workers' compensation benefits from Stenberg as a "statutory employer," plaintiff was barred from bringing a wrongful death action against Stenberg. The court of appeals reversed, holding that a general or intermediate contractor who is liable for workers' compensation benefits pursuant to section 176.215 does not acquire the tort immunity of the employee's employer. *Klemetsen v. Stenberg Constr. Co.*, 415 N.W.2d 887 (Minn.App.1987). We

then granted appellant Stenberg's petition for further review.

Under the Minnesota Workers' Compensation Act, Minn.Stat. § 176.183, subd. 1 (1982), when an employee is injured in the course of employment and his or her employer is not insured or self-insured, benefits are paid by the special compensation fund unless liability for the payment of compensation is imposed by section 176.-215:

Subdivision 1. **Liability for payment of compensation.** Where a subcontractor fails to comply with this chapter, the general contractor, or intermediate contractor, or subcontractor is liable for payment of all compensation due an employee of a subsequent subcontractor who is engaged in work upon the subject matter of the contract.

Subd. 2. **Subrogation.** Where a person has paid compensation under this section, he is subrogated to the rights of the injured employee against his immediate employer, or any person whose liability for compensation payment to the employee is prior to the liability of the person who paid it.

\* \* \* \* \* \*

Minn.Stat. § 176.215 (1982). Thus, when a subcontractor fails to insure or self-insure, the general or intermediate contractor becomes liable for all compensation benefits due the subcontractor's injured employee, but has the right to recover from the uninsured subcontractor all benefits paid.

In the instant case, the employer, Nelson Excavating Company, was uninsured, and Stenberg, as the general contractor on the project, was ordered to pay dependency benefits pursuant to 176.215, subd. 1. Stenberg argues that by receiving workers' compensation benefits from Stenberg under section 176.215, plaintiff is barred by the election of remedies provision of Minn. Stat. § 176.031 (1982) from bringing a wrongful death action against Stenberg.

Minn.Stat. § 176.031 (1982) is the "exclusive liability" section of the Workers' Compensation Act.[1] It provides that an em-

1. Minn.Stat. § 176.031 (1982) provides in pertinent part as follows:

ployer's liability for compensation pursuant to the Act is exclusive and replaces any other liability to the employee or the employee's dependents. If, however, the employer is uninsured, an injured employee may elect either to claim workers' compensation or to "maintain an action in the courts" in which the defendant is deprived of common law defenses of contributory negligence, assumption of the risk, and negligence of a fellow servant. Minn.Stat. § 176.031 (1982). *See generally* 2A A. Larson, *Workmen's Compensation Law* § 67.26 (1987).

Stenberg accurately characterizes the employee's option as an election of remedies. An injured employee may claim workers' compensation or sue his or her employer for damages at common law; but the employee cannot do both. That the employee must elect a remedy against his or her employer does not, however, deprive the employee of his or her right to sue a negligent third party. Nothing in section 176.031 suggests that the employee's election inures to the benefit of a third party regardless which remedy the employee selects.

▬ As a practical matter there has been little reason for an employee to forego the relative certainty of a claim for workers' compensation since the enactment of Minn.Stat. § 176.183 in 1967. Under section 176.183 an employee injured in the employ of an uninsured employer receives compensation from the special compensation fund. An employee so compensated, like the employee of an insured employer, may nevertheless bring a tort action against a third party. *Cf. United Steelworkers of America, Local 6115 v. Quad-*

*na Mountain Corp.*, 418 N.W.2d 723 (Minn.1988).

Stenberg also contends that even if the plaintiff is not barred by her election to receive workers' compensation, Stenberg is entitled to the benefit of the employer's exclusive liability under the Act. Because, the argument goes, Stenberg has been made decedent's "statutory employer" by operation of section 176.215, it should enjoy the employer's immunity from an action for wrongful death. The defect in the argument is the absence of any provision in the Act designating a general or intermediate contractor the "employer" of the employees of an uninsured subcontractor. Neither does the Act expressly extend the employer's immunity from common law liability to a contractor liable for the payment of compensation due an employee of an uninsured subcontractor.

Although a majority of states may regard a contractor's compensation liability as exclusive, the workers' compensation acts of other states specifically provide that a general contractor who is liable for benefits to an uninsured subcontractor's employee shall be considered the employee's employer for purposes of the exclusive remedy provision of the act. *See, e.g.,* Colo.Rev.Stat. § 8–48–101(1) (1986); Ky. Rev.Stat.Ann. § 342.690(1) (Michie/Bobbs–Merrill 1983); La.Rev.Stat. Ann. § 23:1061 (West 1985); Md.Ann.Code art. 101, § 62 (Michie 1985). Where state legislatures have not designated a general contractor in Stenberg's position the injured employee's "employer" for purposes of the exclusive remedy provision of the statute, the courts have been reluctant to engraft such a designation onto the statutory scheme by judicial decision. *See Miller v. Northside Danzi Constr. Co.*, 629

---

The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parent, any child, dependent, next of kin, or other person entitled to recover damages on account of such injury or death. If an employer * * * fails to insure or self-insure his liability for compensation to his injured employees and their dependents, an injured employee, or his legal representatives or, if death results from the injury, any dependent may elect to claim compensation under this chapter or to maintain an action in the courts for damages on account of such injury or death. In such action it is not necessary to plead or prove freedom from contributory negligence. The defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, that the employee assumed the risk of employment, or that the injury was due to the contributory negligence of the employee, unless it appears that such negligence was willful on the part of the employee. * * * *

P.2d 1389, 1391 (Alaska 1981); *Prive v. M.W. Goodell Constr. Co.*, 119 N.H. 914, 917–18, 409 A.2d 1149, 1151–52 (1979).

Our declination to extend the exclusivity of the employer's liability beyond the fair intendment of the statutory language is buttressed by the language employed in Minn.Stat. § 176.205 (1986) and by the subrogation provision of section 176.215, subd. 2. Under section 176.205 any person who fraudulently attempts to execute work without being responsible to the worker is "deemed an 'employer' and is subject to the liabilities" imposed on employers. Section 176.205 accords the person "deemed an 'employer'" no right of reimbursement through subrogation or otherwise. Section 176.215, on the other hand, does not substitute the contractor as the employer of the uninsured subcontractor's injured employee but only imposes liability for the payment owed by the uninsured subcontractor while subrogating the paying contractor to the employee's claim against his immediate employer and any other person whose liability is prior to the payer's.

Moreover, Stenberg's position takes into account neither the employee's perspective nor the interaction of the roles of the paying contractor and the special compensation fund. When enacted in 1929, section 176.215 served two apparent purposes: (1) to encourage general contractors to require their subcontractors to comply with the Act, and (2) to provide a secondary source of workers' compensation benefits for the injured employees of uninsured subcontractors. *See* Act of April 19, 1929, ch. 252, § 1, 1929 Minn.Laws 280, 281. With the creation of the special compensation fund, however, the contractors lost any claim that the employee of an uninsured subcontractor traded the right to sue the contractor at common law in exchange for compensation benefits. Since 1967 the injured employee of any uninsured employer has been entitled to receive compensation from the special compensation fund, and the provisions of section 176.215 have served to benefit the special compensation fund rather than the injured employee.

Finally, a general or intermediate contractor has the power to do that which the employee cannot: the contractor can protect itself from liability for the compensation obligations of its subcontractors simply by doing what section 176.215 was designed to encourage it to do—to require subcontractors to procure and maintain workers' compensation insurance. There seems to us little reason to construe section 176.215 to insulate a contractor who hires an uninsured subcontractor from a liability to which it would otherwise be exposed and to deprive an injured employee of an uninsured subcontractor, and no other injured worker, of the right to seek full compensation through a third-party action.

The decision of the court of appeals is affirmed and the case remanded for further proceedings consistent with this opinion.

POPOVICH, J., took no part in the consideration or decision of this case.