IN THE MATTER OF ARTHUR HELLIE, EMPLOYE v. AMERICAN RAILWAY EXPRESS COMPANY, EMPLOYER. McMICHAEL INVESTMENT COMPANY, INTERVENER.[1]

January 4, 1924.

No. 23,716.

**Compensation for concurrent permanent partial injury and temporary partial disability.**

   Where an employe sustained concurrent permanent partial injuries to his left wrist and to a vertebra, and where the combined injuries produce temporary total disability, and permanent partial disability thereafter, he is entitled to compensation, under the Workmen's Compensation Act, as follows:

   (1) For such total disability, 66 2/3 per cent of the weekly wage at the time of the injury, during such total disability, not exceeding 300 weeks.

   (2) For the permanent partial loss, 66 2/3 per cent of the difference between the wage at the time of the injury and the wage he is able to earn in his partially disabled condition, not beyond 300 weeks in all.

Upon the relation of McMichael Investment Company, intervener, the supreme court granted its writ of certiorari directed to the Industrial Commission of the state of Minnesota to review proceedings under the Workmen's Compensation Act to determine the ex-

[1]Reported in 196 N. W. 566.

tent of the employe's disability and to fix the liability of intervener as owner of the building where the injury to said employe occurred. From the decision of the referee awarding compensation, the employer appealed to the Industrial Commission, which modified the decision of the referee.   Reversed and remanded.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke,* for relator and intervener.

*George H. Drowley,* for respondent.

QUINN, J.

This is a proceeding under the Workmen's Compensation Act: Chapter 82, p. 90, Laws 1921 of Minnesota.   The record comes to this court from the Industrial Commission, by certiorari.

The respondent, Arthur Hellie, was in the employ of the American Railway Express Company as a delivery man, at a salary of $23.16 per week.   On February 8, 1922, while in the course of his employment, he accidentally fell down an elevator shaft, in a building owned by the intervener, causing a fracture of his left wrist and of a vertebra, resulting in concurrent permanent partial injuries and concurrent partial disabilities.   The combined injuries produced temporary total disability which, as we read the record, continued up to the time of the hearing before the commission on May 21, 1923.

The commission found that, by reason of such total disability, the employe was entitled to 66 2/3 per cent of $23.16, or $15.44 per week for 25 weeks from the date of injury, and for $15.44 per week during his permanent partial disability, not exceeding 60 per cent of $10,-000.   The relator contends that such an award is not in conformity with the provisions of the statute in that it attempts to fix compensation for permanent partial disability upon the basis of permanent total disability.

The contention of the relator must be sustained.   In our opinion the proofs, as shown by the record, are ample to support findings as to the duration of the respondent's temporary total disability; also as to the per cent of loss of the use of the member because of the injury to the wrist, and as to the per cent of loss for the injury

to the back. The importance of a separate finding on these matters is manifest when we attempt to determine, under the provisions of the statute, the amount to be awarded in this case.

The weekly wage of respondent at the time of injury was $23.16. The injuries as well as the disabilities were concurrent. Assuming that the temporary total disability continued 66 weeks to the time of the hearing and that the injury to the wrist was a 60-per-cent loss, and also assuming that the injury to the back was a 60-per-cent loss, the award of compensation, as we read the statute, would be as follows:

For the temporary total disability, 66 2/3 per cent of the weekly wage, during such total disability not exceeding 300 weeks, as provided in subdivision A of section 14. That section further provides that compensation for the loss of a hand including the wrist movement, shall be 66 2/3 per cent of the daily wage for 175 weeks. It also provides that for permanent partial disability due to injury to a member, not otherwise specified in the schedule, the employe shall be paid at the prescribed rate during that part of the time specified, for the total loss of the member, which the extent of the injury bears to the total loss.

The same section also provides that, in all cases of permanent partial disability not specifically enumerated, compensation shall be 66 2/3 per cent of the difference between the wage at the time of the injury and the wage the employe is able to earn in his partially disabled condition, not exceeding 300 weeks; and that, where an employe sustains concurrent injuries resulting in concurrent disabilities, he shall be entitled to compensation only for the injury which allows him the largest amount of compensation for not exceeding 300 weeks in any event, including the period of temporary total disability.

Under such assumed circumstances, the injury to the wrist, had there been no other injury, would entitle the employe to an award of 66 2/3 per cent of $23.16, or $15.44 per week during 60 per cent of 175 weeks, or 105 weeks, aggregating $1,621.20. For the injury to the back, had there been no other injury, he would be entitled to an award of 66 2/3 per cent of the difference between the wage

at the time of the injury and the wage he is able to earn in his partially disabled condition, or 66 2/3 per cent of $13.90, amounting to $9.26 per week for not exceeding 300 weeks, or a maximum of $2,778, making it apparent that the award should be upon the basis of the injury to the back, and not on the injury to the wrist.

The case is remanded to the commission where findings may be made in accordance with the foregoing suggestions, as to the extent of loss, to the end that a proper award of compensation may be arrived at.

Reversed and remanded.