# BLAIR *v.* SMITH.

No. 15671.   JANUARY 7, 1947.

*Matthews, Long & Moore,* for plaintiff in error.

*T. E. Whitaker* and *Young H. Fraser,* contra.

HEAD, Justice. (After stating the foregoing facts.) Under the rulings of this court in *Athens Railway & Elec. Co.* v. *Kinney,* 160

*Ga.* 1 (127 S. E. 290), Smith had a valid cause of action against Blair, should it be determined that Wilson, his immediate employer, was an independent contractor, rather than a servant, of the general contractor Blair. In this connection, see also *Sheffield Co.* v. *Phillips,* 69 *Ga. App.* 45 (24 S. E. 2d, 834). From the record and the briefs filed by counsel, a construction of the contract involved, to establish the relationship between Blair and Wilson, is the sole matter for consideration here.

The correct rule to be applied in this case was stated by the Court of Appeals in *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (164 S. E. 901), as follows: "Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract."

It is conceded by counsel for the plaintiff in error that the general contractor Blair did not assume control of the work specified in his contract with Wilson, but he insists that the contract gave him the right to do so, and that this right to take charge of the work created the relationship of master and servant. If the contract gave Blair the right to assume control and direct the time, manner, and method of executing the work, rather than to require a certain definite result, Wilson would be a servant of Blair rather than an independent contractor.

Counsel for the plaintiff in error relies solely upon *Davis* v. *Starrett,* 39 *Ga. App.* 422 (147 S. E. 530), and insists that the provisions of the contract in that case are so similar to those of the contract in the present case that the finding is required that Wilson was a servant of Blair, in accord with the judgment in the *Davis* case. With this contention we can not agree. It is true that provisions in the contract between Blair and Wilson in instances are similar to provisions in the contract construed in the *Davis* case; but there are other provisions entirely opposed to anything contained in the contract in the *Davis* case.

Paragraph 1 of the contract between Blair and Wilson refers to "section 28 of the specifications and/or as shown or called for on

contract drawings," and "section 1 of specifications titled 'general clauses;'" and states that they are made a part of the agreement between Blair and Wilson, as further outlined in the 13th article, which refers to general conditions, special conditions, general specifications, as shown on the plans, priority ratings, preference certificate number, and project number. None of these plans, specifications, or requirements of the contract between Blair and the United States Navy were introduced in evidence before the trial court, other than what purports to be a part of paragraph 17 of the contract between Blair and the Navy. From the contract set forth it is not shown where the work actually was to be performed, how many buildings were to be painted, or any of the details of the work. In fact, were it not for the allegations of the petition and the answer, we would not know that this contract was based on a contract made between Blair and the United States Navy.

Under the provisions of paragraphs 2, 3, 4, and 12, the subcontractor will begin work promptly, will carry the work forward rapidly, with due diligence and without delay, and will not delay or interfere with the work of the contractor. Should it be determined that the subcontractor is delaying the work, the contractor shall have the right to employ additional men and charge the expense to the subcontractor. The subcontractor is to indemnify the contractor against any loss by reason of delay. These are the only provisions of the contract that might be said in any way to confer any right on Blair as to the time of the execution of the contract, and on this point the specifications, clauses, and agreements between Blair and the United States Navy might be material, in that Blair might require that the work be completed pursuant to his contract with the Navy. This court will take judicial notice of the fact that this country was engaged in war at the time of the execution of the contract between Blair and Wilson, and it may be assumed that the Navy Department of the Federal Government might properly have required all of its contracts made under war conditions to be executed promptly and without delay. Time, ordinarily, is not the essence of a contract, but it may be made so by agreement of the parties, and if the general contractor Blair was required by his contract with the Navy Department to complete his contract promptly, certainly his subcontractor, operating under the specifications, clauses, and agreements of such general contract, could be

expected to execute his part of the work without delay. The provision that, should the subcontractor Wilson delay the progress of the work, the general contractor Blair might employ additional men, sufficient to complete the contract within the time specified by the general contract between him and the Government, would not make the subcontractor Wilson a servant of the general contractor Blair.

The provisions of paragraphs 1 and 5 of the contract between Wilson and Blair, giving Blair the right to inspect the premises and the progress of the work, is a usual provision and, as was stated in *Lampton* v. *Cedartown Co.,* 6 *Ga. App.* 150 (64 S. E. 495), is not inserted for the purpose of controlling the contractor in his methods, but for the purpose of permitting the general contractor to assure himself that the specifications of the contract are being reached step by step as the work progresses.

The contract provides for definite and positive results, but does not authorize the general contractor to control the method and manner of executing the work. In *Davis* v. *Starrett,* supra, relied upon by counsel for the plaintiff in error, paragraphs 15 and 22 of the contract provided that the builder or general contractor could add to, or take from, the work to be performed without consulting the other party, and retained to the employer an absolute right to impose his will in lieu of contractual provisions as to the work to be performed, while in the contract in the present case, under provision 7, no changes can be made, unless such changes be agreed to in writing.

The provision in paragraph 6, that the subcontractor would not employ workmen objected to by the general contractor, may have been based upon a similar agreement in the contract between Blair and the Navy Department. Whether or not this is true, it confers no right upon Blair as to controlling the method and manner of performing the work.

Paragraphs 8, 9, and 10, to the effect that Wilson will indemnify Blair for infringement of patent rights, loss or damage through negligence of Wilson or his employees, will carry workmen's-compensation insurance and liability and property-damage insurance, and will pay all taxes, are provisions tending to show that Wilson was to act as an independent contractor. Nothing contained in such provisions grants to Blair any right to control the time, method, and manner of executing the work. The same is true as

to the provision against assignment of the contract, in the 11th paragraph. The 13th and 14th provisions contain a restatement of certain conditions; provide that Wilson shall furnish a performance bond, and for the amount to be paid by Blair to Wilson; and the time and method of payment. The 15th provision is to the effect that negotiations not included in the contract are void.

Not from any one provision can the contract between Blair and Wilson be construed as making Blair the master and Wilson the servant, and construed in its entirety, as it must be to arrive at the status of the parties under the contract, we find that Wilson was an independent contractor. Assuming the judgment in *Davis* v. *Starrett* to be correct, nothing therein held is contrary to the judgment here, for the reasons indicated.

The construction of the contract was a question of law for the trial court, no question of fact being involved (Code, § 20-701), and it having been properly held by the trial judge that under the contract Wilson was an independent contractor at the time of Smith's injuries, the judgment denying the motion for new trial must be affirmed. *Judgment affirmed. All the Justices concur.*