ROBERT L. WANDERSEE v. BRELLENTHIN CHEVROLET
COMPANY AND ANOTHER.
SELECTIVE INSURANCE COMPANY, INTERVENOR.

102 N. W. (2d) 514.

April 14, 1960—No. 37,931.

*Joseph Robbie,* for appellant.

*Robb, Robb & Van Eps,* for intervenor respondent.

*Freeman, Peterson, Hoppe & Gaughan,* for defendant respondents.

*Lawrence Hazen, Phillip J. Klein,* and *Hansen, Hazen & Lynch,* for Minnesota Employers Association, amicus curiae.

*Wilfred E. Rumble, Richard J. Leonard, John L. Hannaford,* and *Doherty, Rumble & Butler,* for American Mutual Insurance Alliance and Association of Casualty & Surety Companies, amici curiae.

NELSON, JUSTICE.

Plaintiff was injured in an automobile accident while driving a pickup truck owned by his employer, Richfield Heating & Sheet Metal Company. The truck was struck from the rear by a car owned by the defendant Brellenthin Chevrolet Company and operated by defendant Dennis J. Krone. Both drivers were in the course of their employment. Plaintiff petitioned the Industrial Commission for workmen's compensation and also brought this third-party action in which the employer's insurer, Selective Insurance Company, intervened. The Industrial Commission established liability on the part of plaintiff's employer and, hence, the Selective Insurance Company and determined that plaintiff was entitled to $1,080 in compensation benefits, no part of which had been paid by the employer or insurer, and to the benefit of certain medical expenses totaling $3,180.80, of which $79 had been paid by employer or insurer.

At the beginning of the trial, the judge, with the consent of plaintiff and intervenor, severed the issues raised by the complaint in intervention. The tort action against defendants was to be tried by jury, and the action in intervention for subrogation was to be tried by the court. The tort action resulted in a verdict in favor of plaintiff and against defendants for $9,500. The trial court by its findings in the trial between intervenor and the other parties to the tort action awarded the intervenor, as subrogee, the amount of $79 against the jury verdict

on account of bills previously paid in connection with plaintiff's injuries, less one-third attorney's fees and expense to plaintiff's attorney, leaving a net of $52.67. It also ordered a credit in the amount of $6,280 in favor of plaintiff's employer and the intervenor against the award of the Industrial Commission. Plaintiff appealed from that part of the final judgment favorable to the intervenor.

■ Plaintiff makes no claim that an employer is not entitled to subrogation under M. S. A. 176.061, subd. 5, nor does he quarrel with the rule that under § 176.021, subd. 1, every employer is liable for compensation according to the provisions of the act and is therefore liable to pay compensation in every case of personal injury or death of his employee arising out of and in the course of his employment without regard to the question of negligence. The Workmen's Compensation Act has been based upon the general plan that, in exchange for being made liable without fault, the employer is given an immunity from the hazards of a common-law action by his injured employee; the liability of an employer prescribed by the act is exclusive and in the place of any other liability to the employee. § 176.031. However, if an injury should occur to the employee caused by the tortious acts of a third party, all parties recognize that the employee's right to recover against a third party in a tort action has been left open so as to allow both remedies, but subject to the requirement that the employer be credited with a net recovery in the third-party action to the extent of his compensation liability. It is therefore well established that an injured employee may, under § 176.061, subd. 5, proceed against his employer or against the third-party wrongdoer at common law, or he may pursue both remedies. The effect of the foregoing provisions is that, if the injured employee agrees to receive compensation from the employer, or institutes proceedings to recover compensation, or accepts any payment on account of compensation, the employer is subrogated to the rights of the employee against the third-party wrongdoer. The employee's act of initiating proceedings to recover compensation, or of agreeing to receive compensation, or of accepting any payment on account of compensation, has the automatic effect of subrogating the employer to the rights of the employee as respects the third party.

■ Another rule which has grown out of the administration of the Workmen's Compensation Act in this state is that the injured employee will not be permitted a double recovery. He is not permitted to keep both the amount of his compensation award and the amount of his common-law damage recovery. If the common-law damage action is brought by the injured employee, the employer is permitted to deduct from any compensation payable by him the net amount of the employee's recovery in his damage action; and if the damage action is brought by the employer, the employer is required to pay to the injured employee only that amount of the net recovery in excess of the amount of compensation payable by the employer. This means that the employer receives or is credited with so much of the common-law recovery as is necessary to reimburse the employer for his compensation outlay. The injured employee therefore receives either the common-law recovery or the statutory compensation, whichever is the greater, but not both.

Both the applicable sections of the Workmen's Compensation Act and the policy of the compensation insurer provide for the liability of the insurer to correspond to that of the employer. Thus, if the common-law recovery satisfies the employer's liability, that ends the liability of the employer so long as the employer has subrogation and there remains no liability to which the insurer must respond.

The present contract of insurance, separate and apart from the principles of equitable subrogation, provides under Coverage A—Workmen's Compensation:

"To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

Condition 12—Subrogation—provides:

"In the event of any payment under this policy, the company shall be subrogated to all rights of recovery therefor of the insured and any person entitled to the benefits of this policy against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

It is clear, as a matter of contract law, that the intervening insurer herein succeeds to the rights which the employer is given by the Workmen's Compensation Act to pursue the injured employee's remedies against the third-party wrongdoer.

Plaintiff makes the following assignments of error:

(1) The court erred in concluding that intervenor as the workmen's compensation insurer for plaintiff's employer succeeded to the subrogation right of such employer to employee's action against third-party tortfeasors; that this conclusion of law is not justified by the evidence and is contrary to law.

(2) The court erred in granting the motion of the insurer to intervene.

(3) The court erred in denying plaintiff's motion to vacate and set aside the previous order granting the motion to intervene in the tort action; that said order was not justified by the evidence and is contrary to law.

In support of the errors assigned, plaintiff contends that the trial court should not have permitted the insurer to intervene; that it should not have directed the injured employee to reimburse the insurer for the compensation benefits which the injured employee had already received; and that it should not have directed that the net amount of the common-law recovery be credited against future benefits payable by the employer's insurer, citing as the controlling case in support of those contentions Orth v. Shiely Petter Crushed Stone Co. 253 Minn. 142, 91 N. W. (2d) 463.

Plaintiff does not object to that part of the judgment directing that the net amount of the common-law recovery be credited against future benefits payable by the employer—as distinguished from the insurer.

■ The appeal herein is based primarily upon the contention that Orth v. Shiely Petter Crushed Stone Co. *supra,* is authority for the proposition that an insurer of an employer against the risk of workmen's compensation liability is not entitled to the benefit of subrogation rights in the injured employee's common-law action against a third party accorded by § 176.061, subd. 5.

As we view it, the single question involved on this appeal is whether

the employer's insurer herein has a right of subrogation against the injured employee's recovery in his third-party action. Plaintiff contends that that issue was settled by the majority opinion in the Orth case; that that case clearly held that the word "employer" as used in the subrogation section of the Workmen's Compensation Act, § 176.061, is to be strictly construed and that therefore it does not include the employer's insurer.

Plaintiff in part bases his contention on the following statement in the concurring opinion of Mr. Justice Knutson in the Orth case (253 Minn. 150, 91 N. W. [2d] 470):

"I see no necessity, however, for holding that the insurer of an employer is not entitled to subrogation where such insurer has made payments to the employee. Apparently this part of the decision is based on the assumption that 'The right of subrogation to an injured employee's third-party action appears strictly dependent upon statutory authorization rather than upon common-law principles.' "

The holding in the Orth case was confined to the denial of the right of subrogation to the custodian of the special compensation fund. There was no other issue. An analysis of the Orth decision indicates that by way of dictum it was stated in the majority opinion that there is nothing in our workmen's compensation statute which authorizes subrogation to anyone except the employer, and from that plaintiff contends that the majority opinion reasoned that no subrogation would lie in favor of employer's insurer. It is conceded that the statutory provision which grants subrogation to the employer does not specifically grant subrogation to the insurer. Three judges, concurring specially, state that since the issue was not presented to the court either in briefs or arguments it should not be decided in that case, setting forth the prior Minnesota cases wherein this court has assumed throughout the history of our Workmen's Compensation Act that the insurer is entitled to rights of subrogation equal to those granted to the employer by the act when supported by payments undertaken. See, Hartford Acc. & Ind. Co. v. Schutt Realty Co. 210 Minn. 235, 297 N. W. 718; Standard Acc. Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782; Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 188 N. W. 265;

24 Minn. L. Rev. 303. In two recent cases this court held that the insurer was properly granted intervention in the employee's third-party action for the express purpose of reimbursement of compensation benefits paid to the employee. See, Dockendorf v. Lakie, 251 Minn. 143, 86 N. W. (2d) 728; Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412, 42 Minn. L. Rev. 678.

It must be taken into account, when consideration is given to the common-law right of subrogation in this state, that § 176.181, subd. 2, allows an employer to be self-insured with the permission of the Industrial Commission. In City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622, an employee of the city was injured while engaged in his work for the city. The Industrial Commission made an award to the employee. The city's insurer paid it. The city then sued defendants to recover the amount so received by the employee. This court held that the city could not maintain the action because it was not the real party in interest. It had paid out nothing. In addition to the statutory right of subrogation in that case, the insurance policy contained a provision to the effect that the insurer should be subrogated in case of any payment under the policy—to the extent of such payment—to all rights of recovery vested by law either in the employer or in any employee or his dependents claiming thereunder.

Section 176.181, subd. 2, requires all employers, except the state and its municipal subdivisions, to be insured unless they are given permission by the Industrial Commission to be self-insured. We may assume that the great majority of employers in this state are insured. Under the circumstances, the question must of necessity arise whether an employer who is self-insured should have a right of subrogation against a third-party tortfeasor and that right be denied to both the employer and the insurer where the employer is insured. As was said in the concurring opinion in the Orth case (253 Minn. 157, 91 N. W. [2d] 473):

"* * * This necessarily follows by denying subrogation to the employer where the insurer has paid the compensation benefits, for the reason that the employer is not the real party in interest, and then by denying subrogation to the insurer, because it is not expressly men-

tioned in the statute. This question is of major importance to employers and insurers under our Workmen's Compensation Act, * * *."

While the court in the majority opinion considered decisions from other states which have held that the right of subrogation depends entirely upon the provisions of the workmen's compensation act under consideration, indicating that even though some of the acts provide subrogation for the employer and do not mention the insurer, some courts have denied the rights to the insurer. The majority opinion referred to the rulings of this court in prior cases wherein this court has clearly assumed that the insurer has the right of subrogation granted to the employer by the act. This comment was apparently made for the purpose of indicating what some of the courts in other jurisdictions have held, on the subrogation issue, in order to arrive at a determination of the one issue in the Orth case, namely whether, where the legislature has failed to include the custodian of the special compensation fund as subrogee to the employee's third-party negligence action—has in fact omitted any reference to the custodian—the supreme court can supply the omission by judicial construction. In answering that specific question it was decided by the majority that, had the legislature intended that the custodian should be subrogated to an individual employer's rights in his employee's third-party action, it would have so provided. Not having done so, it was held that we are not judicially authorized to construe § 176.06, subd. 2, to make up for the omission. In that holding there was full concurrence by the members of the court.

It was not required in order to arrive at the decision in the Orth case to determine the specific subrogation rights of the employer and his insurer. Neither does the majority opinion, in coming to its final conclusion on the one specific issue involved, suggest that the prior decisions of this court, which have assumed all along that the insurer is entitled to the same rights of subrogation as those granted to the employer by the Workmen's Compensation Act, be overruled. The editors in 13 M. S. A. 1959 Cumulative Annual Pocket Part, p. 44, do not cite the Orth case as a decision holding that the insurer has no right of subrogation but only that, where the legislature has failed to

28

include the custodian of the special compensation fund as subrogee to employee's third-party negligence action, this court cannot supply that omission by judicial construction. The decision in the Orth case on the one issue involved held the employee entitled to recover $5,000 under § 176.13, and that the custodian of the special compensation fund may not offset such amount by any funds recovered by employee in his third-party negligence action.

This court in State ex rel. Foster v. Naftalin, 246 Minn. 181, 208, 74 N. W. (2d) 249, 266, commenting on when expressions constitute obiter dicta, said:

" 'Dicta,' or more properly 'obiter dicta,' generally is considered to be expressions in a court's opinion which go beyond the facts before the court and therefore are the individual views of the author of the opinion and not binding in subsequent cases. Where, however, two or more issues are before the court and are argued by counsel, and the court places its decision on both even though a decision on one issue might have been sufficient to dispose of the case, the decision is equally binding as to both issues. This rule is well stated in Union Pac. R. Co. v. Mason City & Fort Dodge R. Co. 199 U. S. 160, 166, 26 S. Ct. 19, 20, 50 L. ed. 134, 137, * * *."

Where, however, the expression of an opinion by court or judge is on a collateral question, not directly involved, or mere argument or illustrations originating with the writer of the opinion, then that expression constitutes obiter dictum. Thus, obiter dictum implies an opinion uttered by the way. The expression in a recent Arizona case, Barrows v. Garvey, 67 Ariz. 202, 206, 193 P. (2d) 913, 915, fully furnishes, it seems to us, a comprehensive statement of what the term obiter dictum really means:

"Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication."

Also see, Staten v. State, 191 Tenn. 157, 232 S. W. (2d) 18; In re Delaware, L. & W. R. System, 26 N. J. Misc. 19, 55 A. (2d) 656;

Black, Law Dictionary (4 ed.) p. 1222; 43 Minn. L. Rev. 170.

The majority opinion in the Orth case, in the course of commenting on the issue involved, stated that there is nothing in our Workmen's Compensation Act which authorizes subrogation to anyone except the employer and that (253 Minn. 146, 91 N. W. [2d] 467) "The right of subrogation to an injured employee's third-party action appears strictly dependent upon statutory authorization rather than upon common-law principles." Issues related to that statement were neither briefed nor argued in the case, and the rules referred to were wholly immaterial to the decision in that case. Since the statement was concededly obiter dictum, it has no bearing upon the issues in the case at bar, nor does it affect, control, or overrule any prior decisions of this court on the issue of whether an employer's insurer has the right of subrogation. In fact, the Orth case could not have dealt effectively, even if the statements upon which appellant relies were not obiter dicta, with the subrogation rule as to employer and insurer under the Workmen's Compensation Act, since the special compensation fund is not an insurer and therefore the equitable rule of subrogation has no decisive application whatever to the facts in the Orth case. The custodian of the special compensation fund is not the employer's indemnitor for compensation paid nor does he insure employer against workmen's compensation claims. Since the Orth case does not determine issues before us on this appeal, it does not overrule prior decisions of this court involving insurer's right to subrogation.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.