### 45954. BLI CONSTRUCTION COMPANY v. KNOWLES.

SUBMITTED FEBRUARY 2, 1971—DECIDED MARCH 15, 1971—
REHEARING DENIED APRIL 2, 1971—CERT. APPLIED FOR.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox, II,* for appellant.

*Ross & Finch, Claude R. Ross, Ellis Ray Brown,* for appellee.

QUILLIAN, Judge. The sole issue to be determined is whether the plaintiff had a right to bring a common law action against Bli, the principal contractor.

There appears to be no dispute that, at the time of his alleged injuries, Knowles was working at a project known as Cross Creek Apartments, that Bli was the general contractor on this project and that Smith was a subcontractor of Bli, with less than ten employees. *Code* § 114-112 as amended, Ga. L. 1969, p. 671, provides in part: "Principal, intermediate or subcontractor, when liable. Recovery. A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer."

The defendant contends that under the provisions of the above quoted statute, Bli was liable for Workmen's Compensation payments to the plaintiff, and the plaintiff's sole remedy against the defendant was under the provisions of the Workmen's Compensation Act. *Code* § 114-103.

To the writer the defendant's argument seems sound; however, the Supreme Court of Georgia has held to the contrary in *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133). In the *Blair* case it was held that an employee of a subcontractor could bring a common law action against the principal contractor notwithstanding the provisions of *Code* § 114-112. In the *Blair* case the facts and the

defendant's defense are on all fours with the case sub judice. In the opinion (p. 747), it is stated: "T. A. Smith, in his action against A. F. Blair, alleged that: The defendant was a general contractor, maintaining a fleet of trucks. In July, 1944, while the plaintiff was on a scaffold engaged in painting a building for the United States Navy, in Gainesville, a truck belonging to the defendant negligently ran against the scaffold, knocking the plaintiff to the ground and causing him to sustain certain personal injuries, for which he sued. He charged the defendant with specified acts of negligence and prayed for a judgment of $5,000. The defendant answered, admitting that the truck which ran against the scaffold belonged to him, but he denied the other material allegations of the petition, and alleged, for further defense, that the plaintiff was an employee of Merrill P. Wilson, that Wilson was a subcontractor under the defendant, who, as the general contractor, was engaged in construction, extension and repair for the United States Government at Gainesville, Georgia. He alleged that both Wilson and himself were under the Workmen's Compensation Law of Georgia, that the plaintiff had elected to come under the terms and provisions of such law (*Code* § 114-112), that he had collected workmen's compensation for the injuries received, and that his action was barred under the *Code,* § 114-103." The holding in the *Blair* case was followed in Mosley v. George A. Fuller Co., 250 F2d 686.

The defendant contends that a 1969 amendment to *Code* § 114-112 requires a different result from what was held in the *Blair* case. With this contention we cannot agree. The 1969 amendment only changed paragraph three of the statute to allow an employee of a subcontractor, who had less than ten employees, to file a workmen's compensation claim directly against the principal contractor rather than having to first institute the claim against the immediate employer as was required prior to the amendment.

Nothing held therein is in conflict with the decisions of this court which have held that where the subcontractor, who is an independent contractor, is injured he cannot recover workmen's compensation against the principal contractor.

The denial of the defendant's motion for summary judgment was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*