## 50058. JACKSON v. J. B. RUSH CONSTRUCTION COMPANY, INC. et al.

MARSHALL, Judge.

This is an appeal from the granting of a motion for summary judgment in favor of the appellee by the Judge of the Superior Court of Cobb County. Appellant Jackson filed a complaint for damages in Cobb Superior Court naming as defendants Cobb Metal Products Corporation, Charles Koonce and Martin Smith, alleging that plaintiff was injured on September 15, 1972, while working as a cement finisher. Subsequently, appellant Jackson filed a motion to add appellee, J. B. Rush Construction Co., Inc., as a party-defendant and the court entered an order allowing an amended complaint to be filed. Appellee Rush filed defensive pleadings which inter alia alleged to the court that appellant's only remedy against appellee was under the provisions of the Workmen's Compensation Act and further stated that appellant Jackson had already been paid workmen's compensation by appellee. Appellee took appellant's deposition and also filed request for admissions. Although the replies to the request for admissions were filed late, the answers were filed and have been considered by this court. In his deposition, appellant Jackson admitted that he had filed a workmen's compensation claim as employee against appellee Rush, as employer; he also identified copies of Form 16 and Form 19 as being genuine copies and stated that they were filed in connection with the same injury on which this case is based and stated further that he had been paid all sums due him under the provisions of the Workmen's Compensation Act. The agreement for compensation shows on its face that appellant Jackson filed a workmen's compensation claim against appellee Rush Construction Company and that an agreement to pay compensation was entered into between Jackson and Rush in accord with and approved under the Workmen's Compensation Act. Subsequently, appellee Rush filed its motion for summary judgment and the Judge of Cobb Superior Court granted judgment based on the motion. It is from this judgment that appellant Jackson appealed.

The sole issue in this case is whether or not appellant

Jackson, who at the time of his injury was working on the job for one Willie Sheffield, a subcontractor of appellee Rush when appellant was injured, is precluded from maintaining a suit against appellee Rush, after having been compensated under the provisions of the Workmen's Compensation Act by appellee Rush and Rush's insurance carrier. *Held:*

1. Appellant's sole enumeration of error is that the Judge of the Cobb Superior Court erred in sustaining appellee Rush's motion for summary judgment for the reason that there was an erroneous conclusion of law, to wit: "J. B. Rush Construction Company, Inc., having been required to pay workmen's compensation to the injured plaintiff, there can be no recovery against the employer, J. B. Rush Construction Company, Inc."

Appellant cites two cases on which it bases its enumeration of error, *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) and *Bli Const. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879).

Appellant apparently misconstrued the holding in *Blair v. Smith,* for a careful reading of that case reveals facts which distinguish it from this case. In *Blair v. Smith,* plaintiff Smith filed a complaint against Blair alleging that defendant Blair injured him with a truck while he was working on a construction project for the United States Navy. Blair, in his answer, denied these allegations and for further defense alleged that plaintiff Smith was the employee of one named Wilson, a subcontractor of defendant Blair, who was the general contractor on the project. Defendant Blair also alleged in his answer that both himself and Wilson were under workmen's compensation coverage and that this was plaintiff Smith's sole remedy. The Supreme Court undertook a lengthy discussion as to the relationship between Blair, the general contractor, and Wilson and plaintiff Smith, to determine whether the relation was one of independent contractor or servant. Although appellant apparently interprets the case of *Blair v. Smith* as being one which holds that Smith could sue Blair even though Smith recovered in workmen's compensation against Blair this is not the case. An examination of the original record in *Blair v. Smith,* reveals that plaintiff

Smith elected to come under workmen's compensation and was paid by Wilson, his direct employer, and not by Blair. Since Smith had not been compensated under the terms of the workmen's compensation law by Blair or its insurance carrier, *Blair v. Smith* is not authority for the proposition that an employee of the subcontractor is authorized to sue in tort the general contractor when the employee has already received workmen's compensation payments from the general contractor.

*Bli Const. Co. v. Knowles,* supra, also relied upon by the appellant, is not authority for appellant's contentions in this case, since the facts in *Bli Const. Co. v. Knowles* are distinguishable from the facts in this case. In *Bli Const. Co. v. Knowles,* Knowles had not sought nor recovered workmen's compensation payments from the general contractor, Bli Construction Co., and the holding in that case was simply that the employee Knowles was not barred by Code Ann. § 114-103 of the Workmen's Compensation Act from bringing a tort complaint for damages against the general contractor, Bli, as a "third-party tortfeasor" where Bli had not paid workmen's compensation to Knowles.

In both *Smith v. Blair* and *Bli Const. Co. v. Knowles,* the employees sued the general contractors as third-party tortfeasors under the proviso of Code Ann. § 114-103. In neither case had the general contractor paid the plaintiff under workmen's compensation law. The question in *Blair v. Smith* (which was followed by *Bli Const. Co. v. Knowles,* though not on identical facts) was whether the subcontractor was either the servant of the general contractor or was an independent contractor and it was held that only if he was the latter would the general contractor be a "third-party" subject to common law tort action by the subcontractor's employee.

We have been unable to find any case in which an employee has been permitted to recover workmen's compensation from his employer and subsequently been permitted to file and maintain a complaint in tort against the same party who paid him compensation for the same injury. Appellant urges that the fact that his employer Willie Sheffield had an agreement whereby Sheffield paid Rush the necessary money for workmen's

compensation insurance premiums meant in effect that actually Sheffield was maintaining the workmen's compensation insurance coverage on appellant and that appellee Rush was merely a vehicle whereby Rush maintained the policy with the insurance carrier. Appellant insists that this arrangement amounted to Sheffield maintaining workmen's compensation insurance on appellant and that therefore appellant should not be barred from maintaining an action in tort against appellee Rush. Once appellant has been paid under the workmen's compensation laws by appellee Rush, then appellant cannot maintain a tort action against appellee based on the same injury for which he has already been paid workmen's compensation payments by appellee's insurance carrier based on coverage which was paid for by appellee. This is not altered by the additional fact that, as contended by appellant, appellant's immediate employer Willie Sheffield actually furnished the funds with which appellee purchased workmen's compensation insurance coverage on appellant. We simply do not believe that there is any authority in Georgia which would authorize an employee of a subcontractor to collect workmen's compensation payments from the general contractor and also permit him to maintain a tort action against the same general contractor based on the same injury for which workmen's compensation payments had been made.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Argued January 6, 1975 — Decided March 21, 1975 — Rehearing denied April 4, 1975 —

*Martin, Skinner, Adkins & Horton, Russell L. Adkins, Jr.,* for appellant.

*Van Gerpen & Bovis, John M. Bovis, John V. Burch,* for appellees.