## 55662. NATIONWIDE MUTUAL INSURANCE COMPANY et al. v. DAVIS.

WEBB, Judge.

This is a workmen's compensation case stemming from Realco Wrecking Company's contracting with an urban renewal authority to demolish and remove buildings from the renewal area. Prior to completion of the demolition of the Glynn Distributor building Realco sold to Jax Car Wash Mfg., Inc. the right to demolish and remove the building or any part of it. Jax, in turn, sold the right to demolish and remove a portion of the building, a concrete block wall, to Reverend Jesse Adkins. In order to remove the wall Adkins employed claimant, and while dismantling the wall he was injured. The administrative law judge found that Adkins had only two employees and was not subject to the Act, and that under Code Ann. § 114-112 Jax became primarily liable as the "intermediate contractor" and Realco secondarily liable as the "principal contractor." Jax' appeal was unsuccessful up the line, and we likewise affirm.

1. The finding that Adkins, the immediate employer, had only two employees was supported by evidence, and consequently claimant was not required to pursue the claim against him but could proceed directly against the "intermediate" and "principal" contractors. Code Ann. § 114-112.

2. As acknowledged by Jax in its brief, "anything that Jax chose not to remove would have to be removed by Realco under its contract with the [authority]." Pursuant to these contracts if neither Adkins nor Jax removed the wall, Realco was obligated to do so, so that in taking down the wall Adkins and claimant were performing work for which Realco was ultimately responsible under its contract with the authority. In these circumstances we conclude that even though the transactions bore an element of sale and were in the form of demolition-salvage contracts rather than in the more customary forms of subcontracting, Realco, and in turn Jax, had in effect "sublet" in part the demolition work so that Adkins was properly termed a "subcontractor engaged upon the subject-matter of the contract" within the meaning of that

phrase as used in Code Ann § 114-112. Cf. *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324) (1966) and cits. Here, as elsewhere, substance, and not form, controls, *Fagelson v. Pfister Aluminum Corp.,* 109 Ga. App. 663, 665 (1) (137 SE2d 313) (1964), and the various tribunals below properly held that Realco and Jax were "statutory employers" under Code Ann. § 114-112.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED APRIL 25, 1978 — REHEARING DENIED MAY 22, 1978.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., Donald F. Walton,* for appellants.

*Hutto, Palmatary & Magda, B. Michael Magda, Bouhan, Williams & Levy, B. H. Levy, Jr.,* for appellee.