## 57115. HAYGOOD v. HOME TRANSPORTATION COMPANY, INC. et al.

Birdsong, Judge.

Wrongful death action. Appellant, Elizabeth Ann Haygood, brings this appeal from the grant of summary judgment by the trial court to the appellee, Home Transportation Company. The facts show that Home Transportation had a contract with one McElhenney, an independent contractor, to furnish Home Transportation with an interstate driver and rig. McElhenney employed Mrs. Haygood's now deceased husband and caused Haygood to drive for Home Transportation in furtherance of the contract. McElhenney employed less than three

employees. It is undisputed that Home Transportation paid workers' compensation premiums to its carrier and covered Haygood as a statutory employee. At the time of his death, Haygood was driving on behalf of Home Transportation. Mrs. Haygood, prior to the institution of this wrongful death action, accepted benefits paid by Home Transportation under the Workers' Compensation Act. *Held:*

Under these facts, the trial court did not err in granting summary judgment to Home Transportation. Within the meaning of the Workers' Compensation Act, Home Transportation was a "principal" employer. Inasmuch as McElhenney employed less than three employees, the Act did not apply to him or his employees. Ga. L. 1975, pp. 190, 193 (Code Ann. § 114-107). However, as a "principal," Home Transportation was liable for compensation to Haygood as a statutory employee for injury or death while in the employ of McElhenney as a contractor engaged in business for Home Transport, to the same extent as McElhenney would have been as the immediate employer, had McElhenney been subject to the Act. Ga. L. 1969, p. 671 (Code Ann. § 114-112). Under Code Ann. § 114-103, as amended (Ga. L. 1972, pp. 929, 930), the rights and remedies granted under the workers' compensation law to an employee excludes all other rights and remedies of such employee, his personal representative, parents, dependents or next-of-kin, or otherwise, on account of such injury, loss of service, or death, other than the employee's right to bring an action against a third-party tortfeasor. The collection of compensation from Home Transport as the statutory employer, bars recovery by Mrs. Haygood against any others, including the "principal." Code Ann. § 114-112, supra. *Jackson v. J. B. Rush Const. Co.,* 134 Ga. App. 445, 447 (214 SE2d 710). See *Nationwide Mut. Ins. Co. v. Davis,* 146 Ga. App. 68 (245 SE2d 322); *Smith v. White Lift of Dalton,* 145 Ga. App. 596 (244 SE2d 117); *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (202 SE2d 704).

Mrs. Haygood, for the first time on appeal, attempts to assert that she was "duped" by Home Transportation into accepting workers' compensation benefits, thus improperly minimizing its liability. This presents

nothing for review. An issue not raised in the trial court may not be raised for the first time before an appellate court. *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 8, 1979 —

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Ben S. Williams, Dan Wingate,* for appellant.

*Freeman & Hawkins, J. Bruce Welch, H. Lane Young, James S. Owens,* for appellees.