## 34940. HAYGOOD v. HOME TRANSPORTATION COMPANY, INC. et al.

BOWLES, Justice.

Certiorari was granted in this case to review the holding of the Court of Appeals in *Haygood v. Home Transportation Co.,* 149 Ga. App. 229 (253 SE2d 805) (1979). There, the Court of Appeals affirmed the trial court's grant of summary judgment to Home Transportation Company, holding that Home Transportation Company, as statutory employer of petitioner's deceased husband, was liable to petitioner under the Workers' Compensation Act, and that the collection of compensation from Home Transportation as the statutory employer barred recovery by Mrs. Haygood against it. The facts, which are set forth in the Court of Appeals' opinion, will be briefly stated.

Home Transportation had a contract with one McElhenney, an independent contractor, to furnish Home Transportation with an interstate driver and rig. McElhenney employed Mr. Haygood, petitioner's now deceased husband, to drive for Home Transportation in furtherance of the contract. As McElhenney employed less than three employees, the Workers' Compensation Act did not apply to him or his employees. Code Ann. § 114-107. Home Transportation as "principal," paid workers' compensation premiums to its carrier and covered Haygood as a statutory employee. At the time of his death, Haygood was driving for the benefit of Home Transportation.

Following Haygood's death, Home Transportation Company and its insurer filed the necessary forms with the State Board of Workers' Compensation and paid to Mrs. Haygood the requisite funeral expenses and allowable death benefits. After accepting these benefits, Mrs. Haygood filed a suit for wrongful death against Home Transportation Company alleging that their

negligence brought about her husband's death.

Home Transportation Company answered denying liability and filed a motion for summary judgment on the ground that Mrs. Haygood had been paid benefits pursuant to the Workers' Compensation Act, and was barred from further recovery under Code Ann. § 114-103 which provides: "The rights and the remedies herein granted to an employee shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service or death: Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor." The trial court granted respondent's motion for summary judgment. The Court of Appeals affirmed.

We agree with the Court of Appeals' determination that Haygood was a statutory employee of Home Transportation Company under Code Ann. § 114-112. See *American Mut. Liab. Ins. Co. v. Fuller,* 123 Ga. App. 585 (181 SE2d 876) (1971). Therefore, Home Transportation Company was required by law to comply with Workers' Compensation Act in respect to its relationship with Haygood. Additionally, we find that the Board of Workers' Compensation approved an agreement to payment of benefits, entered into and signed by Mrs. Haygood. Thereafter, the award had the effect of a final judgment. Code Ann. § 114-705. "An agreement fixing compensation between the employer and the employee, approved by the Board of Workmen's Compensation, and not appealed from, is res judicata as to the matters therein determined, and the parties are precluded from thereafter contradicting or challenging the matters thus agreed upon." *Aetna Ins. Co. v. Gipson,* 104 Ga. App. 108, 110 (121 SE2d 256) (1961).

Under the facts in this case, it cannot be said that the payment of benefits by Home Transportation Company to Mrs. Haygood was voluntary. Home Transportation Company was bound to make payments in accordance with the terms of the agreement entered into by the parties and approved by the Board of Workers' Compensation. Thereafter, Mrs. Haygood was excluded

by law under Code Ann. § 114-103 from pursuing a wrongful death action against Home Transportation Company. The Court of Appeals was correct in affirming the trial court's grant of summary judgment.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs specially.*

SUBMITTED JUNE 12, 1979 — DECIDED SEPTEMBER 7, 1979.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Dan B. Wingate,* for appellant.
*Freeman & Hawkins, J. Bruce Welch, H. Lane Young,* for appellees.

JORDAN, Justice, concurring specially.

I agree with the result in this case, although I fail to see how the majority could have reached it without even mentioning the nature of the relationship between McElhenney and Home Transportation. The contract between McElhenney and Home Transportation used the words "independent contractor" to describe their relationship, and both appellate courts writing on this case have recited this fact at the outset of their opinions.

The case of *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) (1947) plainly states that general contractors who hire independent contractors for part of their work are not responsible for providing workers' compensation coverage for employees of the independent contractor. Accord, Mosley v. George A. Fuller Co., 250 F2d 686 (5th Cir. 1957); *BLI Const. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879) (1971); *Irving v. Home Acc. Ins. Co.,* 36 Ga. App. 551 (137 SE 105) (1926); *Zurich General Acc. &c. Ins. Co. v. Lee,* 36 Ga. App. 248 (136 SE 173) (1926). It must be remembered that *Blair* was decided under the same Code Ann. § 114-112 we consider today with the exception of the 1969 amendment which provided that employees denied coverage as a result of Code Ann. § 114-107 may sue the principal contractor directly if entitled.

There is also authority distinguishing *Blair,* namely *Jackson v. J. B. Rush Const. Co.,* 134 Ga. App. 445 (214 SE2d 710) (1975), the difference relied on being that in

*Blair,* plaintiff Smith was compensated by his immediate employer prior to suing *Blair* in tort, and not by *Blair* itself as opposed to the situation here and in *Jackson.* However, *Jackson* does not discuss, and nowhere is it indicated as being relevant, the nature of the relationship between the immediate employer and the general contractor — the very essence of the *Blair* opinion.

I think the court is correct in expanding the meaning of the word "subcontractor" to include independent contractors, though accomplishing this *sub silentio.* However, in so doing I respectfully submit that the majority should have overruled *Blair v. Smith,* supra, to avoid confusion in the future. For this reason, I concur in the judgment only.